### Appeal of HARRY L. REICHENBACH.          Docket No. 2015.

Submitted April 7, 1925; decided April 15, 1925.

*Mr. Harry L. Reichenbach*, the taxpayer, *pro se.*
*Blount Ralls, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This is an appeal from a determination by the Commissioner of additional income tax for the calendar year 1919 in the amount of

$1,708.92, as outlined in the deficiency letter mailed to the taxpayer on December 16, 1924.

Taxpayer alleges as error the refusal of the Commissioner to allow as deductions from gross income for 1919, $12,000 for traveling expenses; $1,200 expended by him in the interest of the United States and uncollectible; and $305 luxury taxes paid. The deduction for luxury taxes was abandoned at the hearing.

### FINDINGS OF FACT.

1. During the year 1919 the taxpayer resided in New York City. Throughout the year he was engaged in selling motion picture films in various cities on commission. While thus engaged he expended without reimbursement in carrying on this business the sum of $12,000 for traveling expenses.

2. Taxpayer, being unable to enter the military forces, volunteered his services in connection with the prosecution of the war without compensation. During the year 1918 he went to France in connection with publicity work of preparing and printing information for distribution within and behind the battle lines of the enemy. While thus engaged he expended $1,200 for the printing of certain information for such distribution, securing vouchers therefor. Upon his return from France he made application to the United States Government for reimbursement for the amount so expended, submitting therewith the receipted vouchers. All efforts to obtain reimbursement for the amount having failed, he deducted the same from gross income under Item 5, Schedule I, of his return for the calendar year 1919.

### DECISION.

The determination of the Commissioner is approved, with the exception of the deduction of $12,000 traveling expenses, which is allowed. The correct deficiency will be finally determined upon consent or on seven days' notice in accordance with Rule 50.